UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PER MAGNE EIDEM,

      Petitioner,

-v-

DANA MARIE EIDEM,

      Respondent.

No. 18-cv-6153 (RJS)
ORDER

<s>USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATED: 12/23/19</s>

RICHARD J. SULLIVAN, Circuit Judge:

  On December 10, 2019, the Court of Appeals affirmed this Court's April 29, 2019 Opinion and Order granting Petitioner's request for the return of the parties' two minor children to their State of habitual residence, Norway, pursuant to the Hague Convention. *See Eidem v. Eidem*, No. 19-1417, 2019 WL 6704977 (2d Cir. Dec. 10, 2019); *Eidem v. Eidem*, 382 F. Supp. 3d 285 (S.D.N.Y. 2019) (Doc. No. 98). The Court is now in receipt of a letter from Petitioner's counsel, dated December 20, 2019, requesting that the Court order Respondent to take specific steps, including the signing of necessary passport forms, to effectuate the return of the children to Norway by January 6, 2020, the date of return agreed upon by the parties. (Doc. No. 119.)

  Petitioner's request is denied as premature. After the Court granted the Petition on April 29, 2019, the Court of Appeals stayed the effect of the Court's Order pending the resolution of Respondent's appeal. (Doc. No. 116.) That stay remains in effect until the issuance of the Second Circuit's mandate, which is scheduled to "issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later." Fed. R. App. 41(b); *see Ostrer v. United States*, 584 F.2d 594, 598 (2d Cir. 1978) ("The effect of the mandate

is to bring the proceedings in a case on appeal in our Court to a close and to remove it from the jurisdiction of this Court, returning it to the forum whence it came."); *see also Al Najjar v. Ashcroft*, 273 F.3d 1330, 1338 (11th Cir. 2001) ("[T]he issuance of a mandate in a case automatically terminates a stay entered pending resolution of the appeal."). If Respondent indicates that she does not intend to comply with the Second Circuit's mandate and ultimately this Court's April 29, 2019 Order, Petitioner may renew his request for the Court to enforce compliance with its Order, including through contempt sanctions, after the mandate issues. *See Doe v. Gonzales*, 449 F.3d 415, 420 (2d Cir. 2006) ("[W]e must act first and return this case to the [district court], which could then entertain motions . . . if necessary or appropriate."). Otherwise, Petitioner must first obtain a lift of the stay of this Court's April 29, 2019 Order from the Second Circuit if he wishes to pursue any relief before the issuance of the mandate.

SO ORDERED.

Dated: December 23, 2019
New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation